UNITED STATES of America,
Appellee,

v.

Dan Recardo McDANIEL, Appellant.

No. 15213.

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1971.

Decided April 26, 1971.

Turner T. Smith, Jr., Richmond, Va. (Court-appointed counsel) for appellant.

Rodney Sager, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

The appellant's conviction under 18 U. S.C.A. § 2312 for interstate transportation of a stolen vehicle is attacked principally on the claimed inadmissibility of his confession given to an F.B.I. agent while in state custody two days after his arrest on a related state offense and before a federal complaint was issued. We find no error and affirm.

■■■ The confession is claimed to have been the product of prior illegality and, alternatively, inadmissible because it was obtained during a period of unnecessary delay before he was taken before a federal magistrate. Fed.R.Crim.P. 5 (a). The trial court found as a fact that the confession was not produced by any previous impropriety committed by state officers. The finding is well supported in the record. We also agree that Rule 5(a) is not applicable in a case such as this, where the F.B.I. questioning occurred during a period of reasonable in-

vestigation to determine whether federal charges should be brought. United States v. Chadwick, 10 Cir., 415 F.2d 167. At the time of the interview the F.B.I. agent had information which may well have met the minimum requirements of probable cause. However, he was not required to halt his investigation at that point and set the machinery of the criminal process in motion before carrying the investigation to a point where he could determine with some assurance that a federal complaint should issue. See Hoffa v. United States, 385 U.S. 293, 309–310, 87 S.Ct. 408, 17 L.Ed.2d 374.

Since the confession was properly admitted, we have no occasion to consider the appellant's final claim that the other evidence alone would not be sufficient to support conviction.

Affirmed.